OPINION OF THE COURT
Jasen, J.
A medical malpractice action brought by a husband and wife seeking recovery of the ordinary costs of raising a healthy, normal child, bom after an unsuccessful birth control operation, does not state a legally cognizable claim.
According to plaintiffs’ verified complaint,[1] on January 11, 1980, a tubal ligation procedure was negligently performed upon plaintiff Susanne O’Toole while under the care of defendants, Benjamin Greenberg, M.D., Arthur Leber, M.D., and the Jamaica Hospital and Family Practice Clinic. Plaintiff, nonetheless, became pregnant and gave birth to a female child, *430 Kelly, on November 27, 1981. Plaintiffs, Susanne O’Toole and her husband Brian O’Toole, commenced this action prior to the birth of Kelly, alleging four causes of action in their verified complaint. The first cause of action sought damages on behalf of plaintiffs for (1) the expenses incurred for the pregnancy, delivery and postpartum care rendered to plaintiff Susanne and the child, and (2) the expenses involved in caring for and rearing their expected child. It is the second branch of plaintiffs’ first cause of action which is the sole focus of the instant appeal.[2]
By notice of motion dated October 19,1981, defendants Green-berg and Leber moved for an order dismissing plaintiffs’ complaint for failure to state a cause of action. By order dated April 6, 1982, Supreme Court, Queens County, granted the motion to the extent only of dismissing that portion of the first cause of action seeking to recover the anticipated expenses of rearing and caring for the child. Plaintiffs moved for reargument, which was granted; however, Supreme Court adhered to its original determination. Defendant Jamaica Hospital and Family Practice Clinic moved to dismiss plaintiffs’ first cause of action, and by order dated May 13,1982, the court granted the motion to the extent only of dismissing that portion of the first cause of action seeking to recover the anticipated expenses of rearing and caring for the child. The orders of Supreme Court were unanimously affirmed by the Appellate Division, Second Department. The Appellate Division certified to this court the following question: “Was the order of this court dated December 30,1983 properly made?” For the reasons that follow, the certified question should be answered in the affirmative, and the order of the Appellate Division affirmed.
That branch of plaintiffs’ first cause of action whereby the parents seek recovery for the pecuniary expense of rearing a healthy but unplanned child, conceived after an unsuccessful *431 surgical birth control procedure, is properly characterized as a claim for “wrongful conception”. (Becker v Schwartz, 46 NY2d 401, 409.) The concept of wrongful conception, as utilized to seek recovery of the expenses involved in raising a healthy child, has been the subject of much scholarly debate (see, 37 Record of Assn of Bar of City of NY 583-588, Selected Materials on Wrongful Life-Birth), and has been considered by the courts of this State.[3] The question whether parents may recover as damages the ordinary costs of raising a child born by reason of wrongful conception was specifically left undecided in Becker v Schwartz (46 NY2d 401, 410, supra) and is now before us as a matter of first impression.
Resolution of this question requires first a determination as to whether plaintiffs have suffered a legally cognizable harm by the birth of a healthy child. It is a fundamental principle of Anglo-American tort law that an act contrary to law, which does not result in legal harm — injuria absque damnum — is not actionable and does not give rise to any claim or cause.[4] (Deobold v Oppermann, 111 NY 531, 541-542; Speiser, Krause, Gans, The American Law of Torts § 1:11, at 36, n 22, citing, inter alia, Becker v Schwartz, 46 NY2d 401, 411, supra.) Liability for negligent conduct exists only when it proximately causes legal harm to a fully protected interest of another. (Seavey, Principles of Torts, 56 Harv L Rev 72, 89; Pollock on Torts, at 23 [Am ed *432 1894].) Here, in order to accord plaintiffs a cause of action for the recovery of the ordinary costs of raising a healthy, normal child arising from the alleged wrongful conception, plaintiffs must show “not only injuria, namely, the breach of the defendant’s obligation, but also damnum to themselves v in the sense of damage recognized by law.” (Remorquage Á Hélice [Société Anonyme De] v Bennetts, 1 KB 243, 248 [1911]; see also, Hutch-ins v Hutchins, 7 Hill 104,109.) We believe, as a matter of public policy,[5] that the birth of a healthy child does not constitute a cognizable legal harm for which an action in tort will lie.
This court has recognized the “very nearly uniform high value” which the law and mankind have placed upon human life. (Becker v Schwartz, 46 NY2d 401, 411, supra.) In view of our society’s acknowledgment of the sanctity of life, it cannot be said, as a matter of public policy, that the birth of a healthy child constitutes a harm cognizable at law. (See, Weintraub v Brown, 98 AD2d 339, 348-349; Clegg v Chase, 89 Misc 2d 510, 513; Public Health Trust v Brown, 388 So 2d 1084 [Fla Dist Ct App]; Cockrum v Baumgartner, 95 111 2d 193, 447 NE2d 385, cert denied sub nom. Raja v Michael Reese Hosp. & Med. Center,_ US_, 104 S Ct 149; Coleman v Garrison, 327 A2d 757 [Del Super], affd 349 A2d 8, 13-14.) The moral, social and emotional advantages arising from the birth of a healthy child are to be preferred to the protection of purely economic interests. (See, Cardozo, The Paradoxes of Legal Science, at 57 [1927].) To hold that the birth of a healthy child represents a legal harm would be to engage this court in the jurisprudentially improper task of recasting the immutable, intrinsic value of human life according to the financial burden thus imposed upon the parents. Accordingly, we hold that the birth of a healthy child, as but one consequence of defendant’s tortious conduct, does not constitute a harm cognizable at law.[6]
*433 For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Lynch* concur; Judge Meyer taking no part.
Order affirmed, with costs, and question certified answered in the affirmative.

. For the purpose of our review, which is limited to an evaluation of the facial sufficiency of plaintiffs’ complaint, the allegations set forth therein must be assumed to be true. (Becker v Schwartz, 46 NY2d 401, 408.)

. The second cause of action, asserted on behalf of plaintiff Susanne O’Toole, was based upon allegations of medical malpractice and sought damages for physical and emotional injuries resulting from labor and delivery and the necessity of a second sterilization procedure. The third cause of action, asserted on behalf of plaintiff Susanne O’Toole, sought damages under a theory of lack of informed consent. The fourth cause of action, asserted on behalf of plaintiff Brian O’Toole, sought damages for loss of services, companionship and consortium. These causes of action, as well as the first branch of plaintiffs’ first cause of action, are not at issue on this appeal. It was noted in the brief for defendants Greenberg and Leber, at page 14, that “[w]e concede that plaintiffs state legally cognizable claims for the physical and emotional injuries suffered by Susanne O’Toole as a result of the unwanted pregnancy, medical expenses associated with the pregnancy, and a pregnancy related loss of services claim brought on behalf of Brian O’Toole.”

. The courts of New York have generally rejected claims seeking recovery of the costs of raising a healthy child bom as the result of a wrongful conception: Clegg v Chase (89 Misc 2d 510,513 [no recovery for the expenses of rearing and educating healthy child conceived after unsuccessful sterilization, “(i)t is not within the province of the judiciary to decide that the existence of life, and in this case a normal healthy life, is a wrong for which damages can be recovered”]); Sorkin v Lee (78 AD2d 180 [Simons, J.], appeal dismissed 53 NY2d 797 [no recovery for the normal expenses of rearing a healthy but unwanted child inasmuch as damages are speculative and avoidable]); Sala v Tomlinson (73 AD2d 724, 726, Iv dismissed 49 NY2d 701 [“a cause of action seeking future medical expenses for a healthy, normal child and damages for supporting, educating and raising a healthy, normal child * * * is not recognized in this State”]); Weintraub v Brown (98 AD2d 339,348-349 [“As a matter of public policy we are unable to hold that the birth of an unwanted but otherwise healthy and normal child constitutes an injury to the child’s parents and is, therefore, compensable in a medical malpractice action”]); Jean-Charles v Planned Parenthood Assn. (99 AD2d 542); but see, Rivera v State of New York (94 Misc 2d 157 [Ct Cl]).

. “Injuria” is used here in its original sense of an “act contrary to law”, rather than its modem sense of harm. (See, Salmond on Jurisprudence § 133 [11th ed 1957].) “Injuria” may also be defined as a “tortious act”. (Wright v North-Western Ry. Co., 7 111 App [7 Bradw] 438,446.) “Damnum” means harm, hurt, loss or damage. (King v Lamborn, 186 F 21, 28; see also, 1 Am Jur 2d, Actions, § 69.)

. See, Millington v Southeastern Elevator Co. (22 NY2d 498, 508, citing Woods v Lancet, 303 NY 349, 355); Albala v City of New York (54 NY2d 269, 274-275).

. Appellants’ primary contention before this court presents the question whether plaintiff’s failure to have an abortion or to have the child adopted is a failure to mitigate that precluded recovery. The question was answered in the affirmative by Supreme Court, Queens County, below in dismissing that portion of plaintiffs’ complaint which sought to recover the expenses involved in rearing and caring for a healthy but unwanted child. While this view may be incongruous with settled public policy (Robertson, Toward Rational Boundaries of Tort Liability For Injury To The Unborn: Prenatal Injuries, Preconception Injuries and Wrongful Life, 1978 Duke L Rev 1401, 1448-49; Note, Wrongful Conception: Who Pays For Bringing Up Baby?, 47 Ford L Rev 418, 432, n 106), we need not reach the question inasmuch as there was no cognizable harm suffered by plaintiffs upon the birth of a healthy child that need be mitigated.

 Designated pursuant to NY Constitution, article VI, § 2.