563 A.2d 146

**Sandra HATTER and Michael Hatter, h/w, Appellants,**

v.

**Dr. Marc LANDSBERG.**

Superior Court of Pennsylvania.

Argued April 18, 1989.
Filed Aug. 16, 1989.

Thaddeus J. Bartkowski, II, Philadelphia, for appellants.

Leslie A. Miller, Philadelphia, for appellee.

Robert B. Hoffman, Harrisburg, filed a brief on behalf of amicus curiae.

440

Before CIRILLO, President Judge, and CAVANAUGH and HESTER, JJ.

HESTER, Judge:

Sandra and Michael Hatter appeal from the order entered by the Philadelphia Court of Common Pleas on June 9, 1988, granting summary judgment to appellee, Dr. Marc Landsberg, and dismissing their complaint. Appellants contend that the trial court erred in dismissing their complaint by misconstruing and misapplying 42 Pa.C.S. § 8305, enacted March 25, 1988, which abolishes causes of action for wrongful birth and wrongful life, and by not permitting them to amend their complaint. We reverse.

Appellee initially argues that we should quash this appeal pursuant to Pa.R.A.P. 2101 for appellants' failure to include a statement of jurisdiction and the text of the order appealed from in disregard of Pa.R.A.P. §§ 2111, 2114 and 2115. We exercise our discretion by declining to take such action in view of the seriousness of the issues involved and since effective appellate review is not precluded by these deficiencies. *See Bolus v. United Penn Bank*, 363 Pa.Super. 247, 267 n. 2, 525 A.2d 1215, 1225 n. 2 (1987); *Commonwealth v. Rose*, 265 Pa.Super. 159, 166 n. 6, 401 A.2d 1148, 1152 n. 6 (1979); Pa.R.A.P. 105.

We now turn to the merits. A motion for summary judgment is governed by Pa.R.C.P. 1035 which, in pertinent part, provides:

The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Pennsylvania Supreme Court recently stated:

[I]n considering a motion for summary judgment, the lower court must examine the whole record, including the pleadings, any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. From this thorough examination the

lower court will determine the question of whether there is a genuine issue as to any material fact. On this critical question, the party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979); *Goodrich–Amram,* [2d], § 1035(b): 3, p. 432.

*Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 175–76, 553 A.2d 900, 903 (1989); *see also Overly v. Kass,* 382 Pa.Super. 108, 554 A.2d 970 (1989).

The record viewed in this light reveals the following facts. On July 7, 1980, appellee performed a tubal ligation by a laparscopic procedure on appellant to prevent her from conceiving. In December, 1982, appellant wife's family physician informed her that she was pregnant. She delivered by Cesarian section on October 1, 1983. During the course of this delivery, her obstestrician observed that one of her fallopian tubes showed no evidence of tubal ligation. He would testify at trial that this indicated to him that appellee negligently performed the tubal ligation. Appellant filed the present wrongful conception action seeking damages for pre and post-natal expenses, pain and suffering, and emotional distress for both herself and her husband. A count on behalf of the child in the form of a wrongful life action was not included.[1]

42 Pa.C.S. § 8305 (1988) provides:

(A) Wrongful Birth.—There shall be no cause of action or award of damages on behalf of any person based on a claim that, but for an act or omission of the defendant, a person once conceived would not or should not have been born. Nothing contained in this subsection shall be construed to provide a defense against any proceeding, charging a health care practitioner with intentional

---

1. In count III of their complaint, appellants do seek damages on their own behalf for the birth of their child. Appellants argue herein that the trial court erred in striking this count. We disagree, as discussed in the text.

misrepresentation under the act of October 5, 1978 (P.L. 1109, No. 261), known as the Osteopathic Medical Practice Act, the act of December 20, 1985 (P.L. 457, No. 112), known as The Medical Practice Act of 1985, or any other act regulating the professional practices of health care practitioners.

(B) Wrongful Life.—There shall be no cause of action on behalf of any person based on a claim of that person, that, but for an action or omission of the defendant, the person would not have been conceived or once conceived, would or should have been aborted.

Following the completion of discovery, but prior to trial, appellee filed a motion for summary judgment, alleging that the recent enactment of 42 Pa.C.S. § 8305 barred appellants' suit as a matter of law. The trial court granted appellee's motion and stated that summary judgment would have been proper even in the absence of the statute based on current case authority.

■ It is clear that 42 Pa.C.S. § 8305(b) precludes only an action by a child or his representative for the child's own wrongful life resulting from a negligently performed contraceptive procedure or abortion. Thus, 8305(b) does not bar this action by appellants for their *own* expenses and pain and suffering resulting from an improperly performed contraceptive procedure. Accordingly, we must determine whether the trial court was correct in determining that § 8305(a) bars such an action.

Appellants argue that the phrase *"once conceived"* in section 8305(a) demonstrates the limited scope of that section and does not bar recovery for costs resulting from negligence occurring prior to conception. Instead, they contend, Section a is directed solely at prohibiting suits for the nonperformance or negligent performance of an abortion. Appellants argue that the legislative history of 42 Pa.C.S. § 8305 clearly indicates that the bar against "wrongful birth" in § 8305(a) does not apply to an action for "wrongful conception," which is an action seeking damages for negligence occurring prior to conception. In sup-

port of this argument, appellants cite the following statements by the sponsors of the law in debate in both the Senate and the House on the senate bill prior to its enactment:

Senator Rocks: It is not the objective of this legislation to provide immunity to any doctor who does harm to a pregnant woman or to her child, but, rather—and this is the intent of what the wrongful life and wrongful birth legislation is about—to stop a court-engendered policy which views the birth of a child, be that child handicapped or otherwise, a damaging event for which someone should be punished in order to prevent this quality of life ethic from becoming so persuasive that a handicapped child is routinely considered better off dead and of less value than what we would call "a normal child" and to prevent the practice of medicine, especially obstetrics and gynecology, from becoming coerced into accepting eugenic abortion as a condition for avoiding what are particularly wrongful birth lawsuits.... As a matter of public policy, the failure to kill an unborn child, handicapped or normal, should never constitute a wrong....

*Pa. Senate Leg. 1961 (March 22, 1988).*

Senator Rocks: [O]n the facts of the legislation in front of us ... the physician described with the so-called botched or fully negligent sterilization, nothing in this legislation would prevent an action fully calling into account the negligence of that physician. In fact, that suit would be on the grounds of wrongful conception. It could be brought today and should be brought tomorrow. Nothing in the legislation in front of us deals with that. In that hypothetical situation, while I would hope it would not happen, that physician would be fully liable to the fullest extent of the court's decision for both his or her negligence and the financial damages involved.

*Pa. Senate Leg. 1963 (March 22, 1988).*

Similar questions and statements were made in the House:

MR. McHALE. Thank you, Mr. Speaker, Mr. Speaker, I have a number of questions related to very specific instances that might arise under the terms of this amendment.

My first question relates to a negligent procedure performed by a doctor prior to conception. And specifically, if a doctor were to negligently perform a contraceptive procedure—for instance, a tubal ligation that was improperly performed—and thereafter the patient were to become pregnant and subsequently gave birth to a child, would your amendment, if adopted, have any impact upon a possible cause of action that could be brought against that physician for the negligent performance of that medical procedure?

MR. FRIEND: The answer to that is no, Mr. Speaker. This would not. In fact, if you look at the language—we were very careful about this—under "Wrongful birth," we say, "there shall be no cause of action or award of damages on behalf of any person based on a claim that, but for an act or omission of the defendant, a person once conceived would not or should not have been born." So it would in no way bar a wrongful conception action.

*Pa. House Leg. 307–308* (February 24, 1988).

█ Appellee counters that it is improper for us to consider the legislative history for this statute since the language of the statute is clear and unambiguous in precluding *any damages* resulting from the birth of a child, and the remarks of individual legislators in debate represent only their view and not that of the proposing or enacting body. *See Martin's Estate,* 365 Pa. 280, 74 A.2d 120 (1950); *National Transit Co. v. Boardman,* 328 Pa. 450, 197 A. 239 (1938); *Tarlo's Estate,* 315 Pa. 321, 172 A. 139 (1934); *Zemprelli v. Thornburg,* 47 Pa.Cmwlth. 43, 407 A.2d 102 (1979); *see also* 1 Pa.C.S. § 1939. We disagree.

Legislative history is relevant in construing a statute when the statute is unclear. *See* 1 Pa.C.S. § 1939. 42 Pa.C.S. § 8305(a) states that it bars an action by *any* person on the basis that *a* person should not have been born.

(Emphasis added.) It is unclear from this language whether or not the term "wrongful birth" includes actions for negligent conception, since the damages from negligent conception constitute the expenses and suffering resulting from birth and, thus, also might be construed to fall within the bar. Consequently, we deem the statutory language unclear, and in order to construe it must proceed to ascertain the reason why the act was necessary, the object to be obtained by its passage, the circumstances under which it was enacted, and the mischief that it remedied. 1 Pa.C.S. § 1921(c); *Coretsky v. Board of Comr's of Butler*, 520 Pa. 513, 555 A.2d 72 (1989).

■ Our review of the legislative history indicates that the legislature primarily was concerned with eliminating suits brought by children or their parents in an effort to recover damages for the failure to abort a child or negligently aborting a child. The legislature's expressed overriding concern was to prevent law suits leading to eugenic abortions of deformed or unwanted children. The legislators also specifically state that this legislation was not intended to bar cases of "wrongful conception" resulting from negligently performed sterilization. We therefore find that the trial court improperly granted appellee summary judgment on the basis of 42 Pa.C.S. § 8305(a).

■ The trial court also indicated that even in the absence of 42 Pa.C.S. § 8305(a), its decision would be the same based on current case authorities. This also was incorrect. On analogous facts involving an alleged improper sterilization and birth, the supreme court held that the plaintiff was entitled to relief under basic contract and tort theories for loss of earnings and pain and suffering resulting from the negligently performed tubal ligation including pre and postnatal costs. *Mason v. Western Pennsylvania Hosp.*, 499 Pa. 484, 453 A.2d 974, 976 (1982). It stated:

Thus, if the plaintiff sustains her burden of proof, she is entitled to recover all medical expenses and lost wages related to pre-natal care, delivery, and post-natal care, as

well as compensation for pain and suffering incurred during the pre-natal through post-natal periods.

. . . .

We agree with the majority of the Superior Court and the majority of jurisdictions which have considered the issue that the financial and emotional costs of raising a healthy child are not compensable.  In light of this Commonwealth's public policy, which recognizes the paramount importance of the family to society, we conclude that the benefits of joy, companionship, and affection which a normal, healthy child can provide must be deemed as a matter of law to outweigh the costs of raising that child.  (Footnote omitted.)

*Id.*, 499 Pa. at 486–87, 453 A.2d 976.

Appellants therefore argue that the trial court improperly dismissed their claim for medical expenses, wage loss, and pain and suffering resulting from the pregnancy.  The trial court stated that these damages should have been pleaded specifically in a separate count.  Appellants argue that even if their pleading was inartful, the trial court should have permitted appellants to amend their complaint.

■ We find that appellants properly pleaded and alleged facts which establish a cause of action falling squarely within the supreme court's holding in *Mason*.  In count I of their complaint, appellants sought damages as a result of the wife's pregnancy, and in count II, appellant's wife also sought damages for her husband, resulting solely from the pregnancy.  The damages for relief under counts I and II clearly fall within those permitted by the court in *Mason*.  Appellants claim damages for pre and post-natal costs incident to the pregnancy and birth following the alleged negligent sterlization.  We conclude these allegations were pleaded properly and should not have been dismissed.  In count III of the complaint, appellants state damages that clearly relate to expenses and inconvenience of raising their child, which clearly are barred by our supreme court's decision in *Mason v. Western Pennsylvania Hosp., supra.*

We find this authority conclusive; therefore the trial court properly granted summary judgment on count III.

Summary judgment reversed as to counts I and II of the complaint, affirmed as to count III, case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.