582 A.2d 1384

Sylvia **BUTLER**, Appellant,

v.

**ROLLING HILL HOSPITAL and Maria Limberakis,
D.O., K. Niki Cole, M.D.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1990.

Filed Dec. 10, 1990.

Susan M. Hammann, Havertown, for appellant.

James B. Jordan, Philadelphia, for Rolling Hills, appellees.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from a December 30, 1989 Order granting appellee/Rolling Hill Hospital's motion for summary judgment. The relevant facts are appellant had a laparoscopic tubal ligation performed on November 19, 1981 for the purpose of preventing further pregnancies. Thereafter, appellant became pregnant and delivered a healthy, albeit unwanted, baby boy on May 8, 1984. Appellant instituted a cause of action against Rolling Hill Hospital and K. Niki Cole, M.D., for failure to properly perform a tubal ligation. The suit also alleged negligence on the part of Maria Limberakis, D.O., for failure to properly diagnose appellant's pregnancy in time for her to obtain a legal abortion.

On January 13, 1988, Limberakis filed a motion for summary judgment on her own behalf which was granted. Appeal was taken and this Court affirmed in *Butler v. Rolling Hill Hospital [Butler I]*, 382 Pa.Super. 330, 555

A.2d 205 (1989). We held that appellant's cause of action in "seeking damages from Dr. Limberakis on the theory that, but for Dr. Limberakis' failure to diagnose appellant as being pregnant, appellant would have been able to legally abort the child and would have been able to avoid bearing an unplanned child" was barred by 42 Pa.C.S. § 8305. Section 8305 expressly provides that there is no cause of action "based on a claim that, but for an act ... of the defendant, a person once conceived would not or should not have been born ... [or] aborted." *Id.* This Commonwealth's Supreme Court denied allowance of appeal in *Butler v. Rolling Hill Hospital,* 522 Pa. 623, 564 A.2d 915 (1989). On December 30, 1989, appellee Rolling Hill Hospital filed a motion for summary judgment. The trial court, applying the "but for" analysis of *Butler I,* granted summary judgment.

In the case *sub judice,* appellant alleges negligence, breach of contract and breach of warranties on the part of Rolling Hill Hospital and Dr. K. Niki Cole, M.D. The damages which appellant seeks are for the severe anxiety related to the pregnancy, expenses for medical care and treatment, pain and suffering and incapacity related to pregnancy, loss of earnings and earning capacity as well as the future financial expense of rearing the unwanted child.

The requested damages in this suit are identical to those requested in *Mason v. Western Pennsylvania Hospital,* 499 Pa. 484, 453 A.2d 974 (1982). Our Supreme Court, in a case factually on point, recognized this limited cause of action stating: [1]

I. The Superior Court properly determined that the complaint alleges facts which, if proven, would entitle the plaintiff to relief under basic principles of the law of contract and tort. The alleged breach of warranties and negligent performance of the sterilization operation are

---

**1.** We point out that in grappling with this divisive issue, five members of the Supreme Court agreed with part I with two dissenting opinions. Four members of the court agreed with the holding of part II with two dissenting opinions.

asserted to be a direct cause of Mrs. Mason's pregnancy. It follows, therefore, that the costs associated with the pregnancy and delivery would be within both the contemplation of the parties to an express or implied warranty and the range of reasonably foreseeable consequences of the negligent performance of the surgical procedure. See *Speck v. Finegold*, 497 Pa. 77, 439 A.2d 110 (1981). Thus, if the plaintiff sustains her burden of proof, she is entitled to recover all medical expenses and lost wages related to pre-natal care, delivery, and post-natal care, as well as compensation for pain and suffering incurred during the pre-natal through post-natal periods.

II. In addition to these costs associated with pregnancy and childbirth, the complaint seeks to recover alleged damages for emotional distress and the expenses of raising the child until the "age of maturity." We agree with the majority of the Superior Court and the majority of jurisdictions which have considered the issue that the financial and emotional costs of raising a healthy child are not compensable. In light of this Commonwealth's public policy, which recognizes the paramount importance of the family to society, we conclude that the benefits of joy, companionship, and affection which a normal, healthy child can provide must be deemed as a matter of law to outweigh the costs of raising that child. As was stated twenty-five years ago by the Court of Common Pleas of Lycoming County,

> "Many people would be willing to support this child were they given the right of custody and adoption, but according to plaintiff's statement, plaintiff does not want such. He wants to have the child and wants the doctor to support it. In our opinion to allow such damages would be against public policy."

*Shaheen v. Knight*, 11 Pa.D. & C.2d 41, 46 (1957).

*Mason, supra,* 499 Pa. at 486–87, 453 A.2d at 975–76 (footnotes omitted).

As in *Hatter v. Landsberg*, 386 Pa.Super. 438, 563 A.2d 146, 150 (1989), with exception of the claim for the future

financial expenses of rearing the unwanted child, we find the appellants properly pleaded and alleged facts which establish a cause of action falling squarely within the Supreme Court's holding in *Mason.*

In addition, we find the trial court to have erred in its application of *Butler I* to the case *sub judice.* The parties and issues presented in *Butler I* are different than those presented here. In *Butler I,* appellant sued her physician for failing to diagnose her pregnancy alleging "but for" this neglect, appellant would have been able to seek a legal abortion. Said cause of action is specifically prohibited by the clear mandate of 42 Pa.C.S. § 8305(a).

Here, there is a different theory of recovery. Appellant seeks damages from different parties flowing from an unsuccessful tubal ligation and laparoscopic procedure. The trial court held that 42 Pa.C.S. § 8305 Actions for wrongful births and wrongful life, bars this cause of action. This section provides:

**§ 8305. Actions for wrongful birth and wrongful life**

**(a) Wrongful birth.**—There shall be no cause of action or award of damages on behalf of any person based on a claim that, but for an act or omission of the defendant, a person once conceived would not or should not have been born. Nothing contained in this subsection shall be construed to prohibit any cause of action or award of damages for the wrongful death of a woman, or on account of physical injury suffered by a woman or a child, as a result of an attempted abortion. Nothing contained in this subsection shall be construed to provide a defense against any proceeding charging a health care practitioner with intentional misrepresentation under the act of October 5, 1978 (P.L. 1109, No. 261), known as the Osteopathic Medical Practice Act, the act of December 20, 1985 (P.L. 457, No. 112), known as the Medical Practice Act of 1985, or any other act regulating the professional practices of health care practitioners.

**(b) Wrongful life.**—There shall be no cause of action on behalf of any person based on a claim of that person

that, but for an act or omission of the defendant, the person would not have been conceived or, once conceived, would or should have been aborted.

**(c) Conception.**—A person shall be deemed to be conceived at the moment of fertilization.

In *Hatter, supra,* we held that section 8305 does not bar this action nor does it bar damages for appellant's own pain and suffering, medical expenses and wage loss resulting from an improperly performed contraceptive procedure. *Id.,* 386 Pa.Superior Ct. at 445–47, 563 A.2d at 150–51.

In reversing the trial court and recognizing this cause of action, we state that nothing in this Opinion changes or amends the statutory and case law which bar appellant's recovery for costs associated with raising and rearing the unwanted child. A person is not damaged when rewarded with the benefit of a healthy child.

Order reversed and case remanded for trial in accordance with this Opinion.

Jurisdiction relinquished.