Kenneth R. CHAFFEE, M.D., Defendant–Appellant,

v.

Heather L. SESLAR, Plaintiff–Appellee.

No. 17S03–0204–CV–227.

Supreme Court of Indiana.

April 15, 2003.

Edward L. Murphy, Jr., Diana C. Bauer, Miller Carson Oxberger & Murphy, LLP, Fort Wayne, IN, for Appellant.

John C. Grimm, Grimm & Grimm, Auburn, IN, for Appellee.

Peter H. Pogue, Jon M. Pinnick, Donald B. Kite, Sr., Schultz & Pogue, LLP, Carmel, IN, James D. Johnson Rudolph Fine Porter & Johnson, LLP, Evansville, IN, Amicus Curiae Defense Trial Counsel.

ON PETITION TO TRANSFER

DICKSON, Justice.

In this interlocutory appeal, the defendant, Dr. Kenneth Chaffee ("Dr. Chaffee"), challenges the trial court's order permitting the plaintiff, Heather Seslar ("Seslar"), to seek damages including the expenses of raising and educating her child born following an unsuccessful sterilization procedure. The Court of Appeals affirmed. *Chaffee v. Seslar,* 751 N.E.2d 773 (Ind.Ct.App.2001). We granted transfer, 774 N.E.2d 512 (Ind.2002) (table), and now hold that damages for an allegedly negligent sterilization procedure may not include the costs of raising a subsequently conceived normal, healthy child.

The facts in this case are relatively uncomplicated. On March 26, 1998, Dr. Chaffee performed a partial salpingectomy on Seslar. Br. of Appellant at 6. The purpose of the procedure was to sterilize Seslar, who had already borne four children, so that she could not become pregnant again. After undergoing the surgery, however, Seslar conceived, and on August 5, 1999, she delivered a healthy baby.

On March 15, 2000, pursuant to Indiana's medical malpractice statutes, Seslar filed a proposed complaint with the Indiana Department of Insurance alleging that Dr. Chaffee's performance of the procedure had been negligent and seeking damages for the future expenses of raising the child through college, including all medical and educational expenses. Dr. Chaffee filed a motion for preliminary determination, requesting an order limiting the amount of recoverable damages and a determination that the costs of raising a healthy child born after a sterilization procedure are not recoverable as a matter of law. The trial court denied Dr. Chaffee's motion but certified its order for interlocutory appeal.

In this appeal from the trial court ruling, the parties identify and disagree regarding two issues: (1) whether the cost of rearing a normal, healthy child born after an unsuccessful sterilization procedure are cognizable, and (2) whether our recent decision in *Bader v. Johnson,* 732 N.E.2d 1212 (Ind.2000) compels the recognition of such damages.

In *Bader,* the plaintiffs alleged that, because of the prior birth of a child with congenital defects, they had consulted the defendants, healthcare providers offering genetic counseling services, during a subsequent pregnancy. The plaintiffs contended that the defendants' failure to communicate adverse test results deprived them of the opportunity to terminate the pregnancy and resulted in the birth of a child whose multiple birth defects led to her death four months after birth. The plaintiffs' claim was not that the defendant caused the resulting abnormalities in their child, but that the defendant's negligence "caused them to lose the ability to terminate the pregnancy and thereby avoid the

costs associated with carrying and giving birth to a child with severe defects." *Id.* at 1219. The plaintiffs in *Bader* sought various damages including medical costs attributable to the birth defects during the child's minority, *id.* at 1220, but they did not seek the general costs of rearing the child. We permitted the plaintiffs to seek the damages they sought, noting that their claims "should be treated no differently than any other medical malpractice case." *Id.* We were not confronted with, nor did we address, a challenge to the anticipated ordinary costs of rearing and raising the child.

In an earlier decision, our Court of Appeals held that parents of a child born after a vasectomy were entitled to damages for an unexpected pregnancy and its corresponding medical expenses, but expressly noted that the physician was not liable for the expenses of raising the child to the age of majority. *Garrison v. Foy,* 486 N.E.2d 5, 10 (Ind.Ct.App.1985). *Garrison* was cited without disapproval in both *Bader,* 732 N.E.2d at 1220, and *Cowe v. Forum Group, Inc.,* 575 N.E.2d 630, 633 (Ind.1991).[1]

This issue has been receiving considerable attention in other jurisdictions. There are three principal lines of authority regarding resolution of actions for medical negligence resulting in an unwanted pregnancy. In the first, followed by a small group of jurisdictions, the parents of a child born after a negligently performed sterilization procedure are entitled to recover all costs incurred in rearing the child without any offset for the benefits conferred by the presence of the child. This approach has been followed in California,

New Mexico, Oregon, and Wisconsin. *See Custodio v. Bauer,* 251 Cal.App.2d 303, 59 Cal.Rptr. 463 (Cal.Ct.App.1967); *Lovelace Med. Ctr. v. Mendez,* 111 N.M. 336, 805 P.2d 603 (N.M.1991); *Zehr v. Haugen,* 318 Or. 647, 871 P.2d 1006 (1994); *Marciniak v. Lundborg,* 153 Wis.2d 59, 450 N.W.2d 243 (1990). Generally, these courts find that damages are recoverable using the standard analysis in negligence cases, and refuse to alter that analysis because of public policy considerations or to permit reduction for the benefits conferred by a child.

Under the second approach, the plaintiff may recover all damages that flow from the wrongful act, but the calculation of damages includes a consideration of the offset of the benefits conferred on the parents by the child's birth. This is consistent with the Restatement (Second) of Torts § 920 (1977), which requires that in situations where the defendant's conduct has harmed the plaintiff or the plaintiff's property but "in so doing has conferred a special benefit to the interest of the plaintiff that was harmed, the value of the benefit conferred is considered in mitigation of damages, to the extent that this is equitable." *Id.* The trier of fact is permitted to determine and award all past and future expenses and damages incurred by the parent, including the cost of rearing the child, but is also instructed that it should make a deduction for the benefits, including, for example, the services, love, joy, and affection that the parents will receive by virtue of having and raising the child. *See Univ. of Arizona Health Sciences Ctr. v. Superior Court,* 136 Ariz. 579,

---

1. *Cowe* involved a child born as a result of the defendant's alleged negligence in failing to protect a profoundly mentally retarded patient in the defendant's nursing home from rape. Like *Bader,* Cowe did not involve a claim for the costs of raising the child. We

rejected the claim brought on behalf of Cowe seeking damages for his birth to a mother incapable of providing for his care, holding that the damages sought were not cognizable. *Id.* at 635–36.

667 P.2d 1294, 1299 (1983); *Ochs v. Borrelli,* 187 Conn. 253, 445 A.2d 883, 886 (1982); *Sherlock v. Stillwater Clinic,* 260 N.W.2d 169, 175–76 (Minn.1977). As between the first and second approaches, we find the latter preferable.

A third view holds that parents of healthy children born after an unsuccessful sterilization procedure involving medical negligence are entitled to pregnancy and childbearing expenses, but not child-rearing expenses. This is the view of the vast majority of jurisdictions,[2] and is the approach taken by our Court of Appeals in *Garrison.* Courts that follow this approach have identified a variety of policy reasons in support of their decisions, including the speculative nature of the damages, the disproportionate nature of the injury to the defendant's culpability, and a refusal to consider the birth of a child to be a compensable "damage." *See, e.g., Boone v. Mullendore,* 416 So.2d 718, 721 (Ala.1982); *Terrell v. Garcia,* 496 S.W.2d 124, 128 (Tex.Civ.App.1973); *Beardsley v. Wierdsma,* 650 P.2d 288, 292 (Wyo.1982).

Although raising an unplanned child, or any child for that matter, is costly, we nevertheless believe that all human life is presumptively invaluable. This Court has held that "life ... cannot be an injury in the legal sense." *Cowe,* 575 N.E.2d at 635. A child, regardless of the circumstances of birth, does not constitute a "harm" to the parents so as to permit recovery for the costs associated with raising and educating the child. We reach the same outcome as the majority of jurisdictions, and hold that the value of a child's life to the parents outweighs the associated pecuniary burdens as a matter of law. Recoverable damages may include pregnancy and childbearing expenses, but not the ordinary costs of raising and educating a normal, healthy child conceived following an allegedly negligent sterilization procedure.

In its resolution of this difficult issue, the Illinois Supreme Court wrote that a parent cannot be said to have been "dam-

**2.** Those other jurisdictions include: Alabama (*Boone v. Mullendore,* 416 So.2d 718 (Ala. 1982)); Alaska (*M.A. v. United States,* 951 P.2d 851 (Alaska 1998)); Arkansas (*Wilbur v. Kerr,* 275 Ark. 239, 628 S.W.2d 568 (1982)); the District of Columbia (*Flowers v. District of Columbia,* 478 A.2d 1073 (D.C.1984)); Florida (*Fassoulas v. Ramey,* 450 So.2d 822 (Fla. 1984)); Georgia (*Atlanta Obstetrics & Gynecology Group v. Abelson,* 260 Ga. 711, 398 S.E.2d 557 (1990)); Illinois (*Cockrum v. Baumgartner,* 95 Ill.2d 193, 69 Ill.Dec. 168, 447 N.E.2d 385 (1983), cert. denied, 464 U.S. 846, 104 S.Ct. 149, 78 L.Ed.2d 139 (1983)); Iowa (*Nanke v. Napier,* 346 N.W.2d 520 (Iowa 1984)); Kansas (*Johnston v. Elkins,* 241 Kan. 407, 736 P.2d 935 (1987)); Kentucky (*Schork v. Huber,* 648 S.W.2d 861 (Ky.1983)); Louisiana (*Pitre v. Opelousas Gen. Hosp.,* 530 So.2d 1151 (La.1988)); Maine (*Macomber v. Dillman,* 505 A.2d 810 (Me.1986)); Michigan (*Rouse v. Wesley,* 196 Mich.App. 624, 494 N.W.2d 7 (1992)); Missouri (*Girdley v. Coats,* 825 S.W.2d 295 (Mo.1992)); Nebraska (*Hitzemann v. Adam,* 246 Neb. 201, 518 N.W.2d 102 (1994)); Nevada (*Szekeres v. Robinson,* 102 Nev. 93, 715 P.2d 1076 (1986)); New Hampshire (*Kingsbury v. Smith,* 122 N.H.237, 442 A.2d 1003 (1982)); New Jersey (*Gracia v. Meiselman,* 220 N.J.Super. 317, 531 A.2d 1373 (1987) (dicta)); New York (*O'Toole v. Greenberg,* 64 N.Y.2d 427, 488 N.Y.S.2d 143, 477 N.E.2d 445 (1985)); North Carolina (*Jackson v. Bumgardner,* 318 N.C. 172, 347 S.E.2d 743 (1986)); Ohio (*Johnson v. Univ. Hosps. of Cleveland,* 44 Ohio St.3d 49, 540 N.E.2d 1370 (Oh.1989)); Oklahoma (*Wofford v. Davis,* 764 P.2d 161 (Okla.1988)); Pennsylvania (*Butler v. Rolling Hill Hosp.,* 400 Pa.Super. 141, 582 A.2d 1384 (1990)); Rhode Island (*Emerson v. Magendantz,* 689 A.2d 409 (R.I.1997)); Tennessee (*Smith v. Gore,* 728 S.W.2d 738 (Tenn.1987)); Texas (*Terrell v. Garcia,* 496 S.W.2d 124 (Tex.Civ.App.1973)); Utah (*C.S. v. Nielson,* 767 P.2d 504 (Utah 1988)); Virginia (*Miller v. Johnson,* 231 Va. 177, 343 S.E.2d 301 (1986)); Washington (*McKernan v. Aasheim,* 102 Wash.2d 411, 687 P.2d 850 (1984)); West Virginia (*James G. v. Caserta,* 175 W.Va. 406, 332 S.E.2d 872 (1985)); Wyoming (*Beardsley v. Wierdsma,* 650 P.2d 288 (Wyo.1982)).

aged" by the birth and rearing of a normal, healthy child, and that "it is a matter of universally-shared emotion and sentiment that the intangible ... 'benefits' of parenthood far outweigh any of the mere monetary burdens involved." *Cockrum v. Baumgartner*, 95 Ill.2d 193, 199, 69 Ill.Dec. 168, 447 N.E.2d 385, 388 (1983) (*quoting Pub. Health Trust v. Brown*, 388 So.2d 1084, 1085–86 (Fla.App.1980)). We agree.

## Conclusion

We hold that the costs involved in raising and educating a normal, healthy child conceived subsequent to an allegedly negligent sterilization procedure are not cognizable as damages in an action for medical negligence. The order of the trial court denying the defendant's motion for preliminary determination is reversed, and this cause is remanded for further proceedings consistent with this opinion.

SHEPARD, C.J., and BOEHM, JJ., concur.

SULLIVAN, J., dissenting, would adopt and apply Restatement (Second) of Torts § 920 in this case.

RUCKER, J., dissents with separate opinion.

RUCKER, Justice, dissenting.

In *Bader v. Johnson* this court was called upon to determine whether Indiana recognized the tort of "wrongful birth." 732 N.E.2d 1212 (Ind.2000). We declared, "[l]abeling the [parents'] cause of action as 'wrongful birth' adds nothing to the analysis, inspires confusion, and implies the court has adopted a new tort." *Id.* at 1216. Thus, we decided to treat a so-called wrongful birth cause of action the same as any other claim for medical negligence. In doing so, we determined that existing law controlled the nature and extent of available damages.

At the time *Bader* was decided, at least twenty-two states and the District of Columbia had recognized a claim of wrongful birth, while at least eight states had barred such claims either by statute or judicial decision. *See Bader v. Johnson*, 675 N.E.2d 1119, 1122–23 (Ind.Ct.App. 1997) (vacated by *Bader*, 732 N.E.2d 1212, but setting forth those jurisdictions allowing or disallowing a claim for wrongful birth). As one might expect, those jurisdictions recognizing a tort of wrongful birth differed not only on the elements of the tort but also on the recoverable damages. For example, some courts allowed recovery for extraordinary medical and related expenses associated with a child's disability, while others did not. *See id.* at 1125. At least one state that permitted such recovery, applied a benefits rule, which offset the recovery of expenses by the value of the benefit that parents receive as parents. *Id.* (citing *Eisbrenner v. Stanley*, 106 Mich.App. 357, 308 N.W.2d 209 (1981), *abrogated by Taylor v. Kurapati*, 236 Mich.App. 315, 600 N.W.2d 670, 673 (1999)); *see also* Restatement (Second) of Torts § 920 (1977). Too, several states recognizing the tort of wrongful birth differed over whether to allow recovery for emotional distress damages.

By treating the plaintiffs' claim no differently than any other claim of medical negligence, this court declined to engage in the foregoing debate. Today's decision changes course, enters the debate, and retreats from the principle we announced in *Bader*.

I acknowledge a distinction between *Bader* and the case before us. In *Bader* we declined to recognize the alleged tort of "wrongful birth" and thus analyzed the claim under traditional principles of medical malpractice. By contrast, more than a decade ago this jurisdiction determined

that the cause of action labeled "wrongful pregnancy" existed in Indiana.[3] *See Garrison v. Foy*, 486 N.E.2d 5, 8 (Ind.Ct.App. 1985). Although declaring, "[s]uch a cause of action is indistinguishable from any other medical negligence action," *id.* at 7, citing policy considerations, the court nonetheless concluded "the costs of rearing a child born after an unsuccessful sterilization procedure may not be recovered from the health care provider." *Id.* at 9.

Although the claim in this case alleges a "wrongful pregnancy" as opposed to a "wrongful birth" the rationale the majority uses to limit the recoverable damages is equally applicable to both. It is true, as the majority points out, in *Bader* this court was not confronted with and thus did not address "a challenge to the anticipated ordinary costs of rearing and raising the child." Slip op. at 3. Nonetheless, we were clear that if the parents proved negligence then they were "entitled to damages proximately caused by the tortfeasor's breach of duty." *Bader*, 732 N.E.2d at 1220.

By today's decision the majority appears to have endorsed the view that an action for wrongful pregnancy exists in Indiana, and has decided that for policy reasons child-rearing expenses are not recoverable under such an action. Because I see no reason to depart from *Bader*, I would apply here the same analysis used for other medical malpractice cases. If Seslar proves negligence, then she is "entitled to damages proximately caused by the tortfeasor's breach of duty." *Id.* The expense of raising and educating a child falls in this

category. Therefore I dissent and would affirm the judgment of the trial court.

---

**3.** The label "wrongful birth" generally refers to claims brought by the parents of a child born with birth defects alleging that due to negligent medical advice or testing they were precluded from making an informed decision about whether to conceive a potentially handicapped child, or, in the event of pregnancy, to terminate it. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). The label "wrongful pregnancy" refers to claims for damages brought by the parents alleging that the conception of an unexpected child resulted from negligent sterilization procedures or a defective contraceptive device. *Id.*