**Stokes v. I.B. Dickinson & Sons Inc.**

C.P. of Northampton County, no. 2003-5421.

*Michael B. Kaspszyk,* for plaintiffs.
*Joseph H. Foster, Mary E. Dixon* and *James H. Rohlfing,* for defendants.

ZITO, *J.,* December 2, 2004—

### STATEMENT OF REASONS

Before the court is additional defendant Alvin H. Butz Inc.'s motion for summary judgment.

## Background

This case arises from an August 1, 2001 construction accident at the Lehigh Heavy Forge plant in Bethlehem, Pennsylvania, during which plaintiff, Richard Stokes, fell from the boom of a crane. Alvin H. Butz Inc. was the general contractor on the project. Butz hired Tri-City Erectors Inc. to perform iron work on the project. Stokes was an employee of Tri-City. Butz leased the crane from I.B. Dickinson & Sons Inc. and contracted for a Dickinson crane operator, Charles Beltz. Butz filed this motion for summary judgment alleging "it is entitled to immunity from liability under the Workers' Compensation Act as the plaintiff's statutory employer."

## Discussion

Summary judgment is warranted only when "there is no genuine issue of material fact such that a moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035.2; see *e.g., Hatter v. Landsberg,* 386 Pa. Super. 438, 440, 563 A.2d 146, 147-48 (1989). This court must view the record in the light most favorable to the non-moving party and. determine whether the moving party has established that there exists no genuine issue of material fact and that it is therefore entitled to judgment as a matter of law. See *e.g., id.* Importantly, the non-moving party is entitled to all reasonable inferences, and any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor. See *e.g., Kingston Coal Co. v. Felton Mining Co. Inc.,* 456 Pa. Super. 270, 277, 690 A.2d 284, 287 (1997). Summary judgment is appropriate only in the "clearest of cases." *Id.* "Where

the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." *Murphy v. Duquesne University of the Holy Ghost,* 565 Pa. 571, 590, 777 A.2d 418, 429 (2001).

In Pennsylvania, the Workers' Compensation Act provides immunity to employers from tort claims brought by employees injured during the course of employment. See *e.g., Peck v. Delaware County Board of Prison Inspectors,* 572 Pa. 249, 254-55, 814 A.2d 185, 188 (2002). In addition to common-law and contractual employers, "statutory employers" are also immune from suit. See *id.* The Act defines statutory employers as:

"An employer who permits the entry upon premises occupied by him or under the control of a laborer or an assistant hired by an employer or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as his own employee." 77 Pa.C.S. §52.

In construing that provision, the Pennsylvania Supreme Court has set forth a five-pronged test for determining whether an employer is a statutory employer under the Act: (1) an employer who is under contract with an owner or one in the position of an owner; (2) premises occupied by or under the control of such employer; (3) a subcontract made by such employer; (4) part of the employer's regular business entrusted to such subcontractor; and (5) an employee of such subcontractor. *Peck,* 572 Pa. at 255, 814 A.2d at 188 (citing *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 153 A. 424 (1930)). All

five elements must be satisfied in order to successfully assert the defense. *Id.* Further, "[i]n determining whether a party is a statutory employer, courts should construe the elements of the *McDonald* test strictly and find statutory employer status only when the facts clearly warrant it." *Peck,* 572 Pa. at 255, 814 A.2d at 189.

Here, the dispute is whether Butz satisfied the second element of the *McDonald* test by exercising control over or occupying the premises. "An employer will satisfy this element of the *McDonald* test *either* if he occupies the premises *or* if he is in control of the premises." *Emery v. Leavesly McCollum,* 725 A.2d 807, 811 (Pa. Super. 1999). (emphasis in original) "Although actual control must be demonstrated, the statutory employer's control of the premises need not be exclusive of the owner's possession of the premises." *Id.* "Moreover, the fact that the subcontractor used its own supervisors to directly oversee the subcontractor's employees does not mean the general contractor did not retain actual control over the project and premises in general." *Id.*

There is a genuine issue whether Butz exercised control over the project or occupied the site. For instance, Richard Stokes testified that the decision to move the crane was made by Tri-City's foreman, Greg Boucha. Boucha gave the directions at the site on the day of the accident; he received no directions from anybody from Alvin Butz, to his knowledge. Stokes dep., 5/19/04, at 25-26, 62, 95-96. The crane operator, Beltz, testified that although Butz was the general contractor, Tri-City was doing most of the actual work, told him which crane to be on, where the crane needed to be, and what to do. Beltz dep., 5/19/04, at 21, 73-74, 79.

Moreover, Dickinson failed to present sufficient evidence for this court to conclude as a matter of law that it exercised control or occupancy within the meaning of the *McDonald* test. In its memorandum in support of summary judgment, Butz relied solely on deposition testimony and a work order signed by a Butz employee, Fred Anderson. Under the *Nanty-Glo* rule, "summary judgment cannot be granted based upon evidence which depends solely on oral testimony." See *e.g., White v. Owens-Corning Fiberglas Corp.,* 447 Pa. Super. 5, 18, 668 A.2d 136, 142-43 (1995). That is because no matter how "clear and indisputable may be the proof when it depends on oral testimony. . . . [a] witnesses' credibility is a determination for the jury and necessarily creates a genuine issue of material fact." *Id.* Nor does the work order signature show occupancy or control as that form does not show what Butz claims, that "Fred Anderson, [was] on site daily, [and] oversaw the work of Tri-City and approved their work on a daily basis."

The import of the work order form will necessarily turn on the credibility of testimony about when and how it was completed.

The court does not reach Butz' alternative argument for denying the summary judgment motion, namely, waiver of immunity by contract. The additional defendant's motion for summary judgment is denied.

## ORDER

And now, December 2, 2004, the additional defendant's motion for summary judgment is denied.