577 A.2d 631

**LOWER LAKE DOCK COMPANY, Hanna Mining Company, and Consolidated Rail Corporation, Appellants,**

**v.**

**MESSINGER BEARING CORPORATION and Eastern Flame Hardening Company.**

Superior Court of Pennsylvania.

Submitted April 9, 1990.

Filed July 6, 1990.

Frank C. Bender, Philadelphia, for appellant.

Robert Keller, Philadelphia, for Messinger Bearing, appellee.

Robert C. Mickle, Jr., Philadelphia, for Eastern Flame, appellee.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment docketed after the trial court entered an order dismissing appellee Eastern Flame Hardening Company, (hereinafter referred to as "Eastern Flame"), from this case. We affirm.

On March 14, 1983, appellants brought an action against Messinger Bearing Corporation, (hereinafter referred to as "Messinger"),[1] and Eastern Flame. The complaint contained three counts against Eastern Flame. These counts were based on negligence, strict liability, and breach of warranty. On April 20, 1987, Eastern Flame filed a motion for partial summary judgment on the negligence and strict liability counts. In their answer to the motion for partial summary judgment: (1) appellants admitted that the strict liability should be dismissed; (2) appellants further admitted that there was no cause of action as to the breach of warranty count, even though Eastern Flame did not include this count in the motion for partial summary judgment; and (3) appellants alleged that Eastern Flame nonetheless was liable under the negligence claim. On July 2, 1987, the trial court entered an order dismissing both the negligence and strict liability counts. Appellants did not immediately appeal this order.

1. On November 7, 1986, the trial court entered an order of *non pros* against appellants in favor of Messinger. No appeal was taken from that order. Messinger, therefore, is no longer a party to this action.

Eastern Flame filed a motion for summary judgment as to the remaining breach of warranty count. On October 28, 1988, the trial court entered an order denying this motion on the basis that material disputes still remained. On July 17, 1989, when this case was called for trial, Eastern Flame renewed its motion for summary judgment. The trial court granted summary judgment on the remaining count thereby dismissing this action. After judgment was entered against them, appellants then appealed the July 2, 1987 order of court dismissing the first count with regard to the cause of action in negligence.

Initially, we must determine whether this appeal is properly before us. The appealability of an order is a question of jurisdiction and may be raised *sua sponte*. *Blackman v. Katz*, 390 Pa.Super. 257, 261, 568 A.2d 642, 645 (1990). Appeals can generally be taken only from orders that are final, rather than interlocutory. *Sweener v. First Baptist Church of Emporium*, 516 Pa. 534, 533 A.2d 998 (1987). As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable; however, where the dismissed counts are separate and distinct causes of action, the order is appealable. *Daywalt v. Montgomery Hospital*, 393 Pa.Super. 118, 573 A.2d 1116 (1990). As we stated in *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983):

Where separate and distinct causes of action have been joined under permissive joinder standards of Pa.R.C.P. 1020(a) or Pa.R.C.P. 1044(a), the appealability of a judgment entered on one or more but not all counts must be distinguished from the situation in which separate counts have been used to state alternate theories for recovery on the same cause of action. In the former situation the summary judgment has terminated litigation upon a separate and distinct cause of action. In the latter, an order dismissing or entering judgment on one or more but not all counts of a complaint is interlocutory, for the plaintiff can, nevertheless, proceed to a determination on the underlying cause of action.... Thus, the dismissal of a

count alleging damages for breach of an express contract is not appealable if an alternate count seeking to recover the same damages based on quantum meruit remains undecided.... Similarly, there is no final appealable order where a count averring negligence has been dismissed, but there remains undetermined a count alleging liability for a defective product under Section 402A of the Restatement (Second) of Torts. (citations omitted).

*Id.* 313 Pa.Super. at 341, 459 A.2d at 1260 (1983). Where counts of a complaint setting forth claims under Section 402A of the Restatement (Second) of Torts were dismissed, but breach of contract including breach of warranties claims for the same damages remained to be determined, neither plaintiff nor its damage claim was out of court and an order dismissing 402A counts was interlocutory and unappealable. *R.B. Equipment v. Williams, Shields, Snyder & Goas,* 304 Pa.Super. 31, 450 A.2d 85 (1982).

In the instant case, appellants' claims of negligence and strict liability under Section 402A were dismissed in 1987. Since appellants' breach of warranty claim for the same damages remained to be determined, neither appellants nor their damage claim was out of court. *Id.* We find that the July 1987 order was interlocutory and unappealable. *Id.* The trial court entered a final appealable order in August, 1989, when the appellants were put completely out of court. *Blackman v. Katz, supra.* Thus, the appeal presently before us, from the July 1987 order is timely.

On appeal, appellants raise the sole issue of whether the trial court erred in granting Eastern Flame's motion for partial summary judgment and dismissing the negligence count against Eastern Flame. Appellants allege that Eastern Flame is liable for its negligent failure to perform its contractual undertaking to render, with reasonable care, heat treatment services to the bearing in question.

As an appellate court, we are bound to consider certain principles which dictate when and under what cir-

cumstances a trial court may properly enter summary judgment. *Goebert v. Ondek*, 384 Pa.Super. 100, 104, 557 A.2d 1064, 1066 (1989). The trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Insurance*, 380 Pa.Super. 167, 170, 551 A.2d 283, 284 (1988). Summary judgment should not be entered unless the case is clear and free from doubt. *Hathi v. Krewstown Park Apartments*, 385 Pa.Super. 613, 615, 561 A.2d 1261, 1262 (1989). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions on file support the lower court's conclusion that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035, 42 Pa.C.S.A.; *Hatter v. Landsberg*, 386 Pa.Super. 438, 440, 563 A.2d 146, 147–48 (1989). *See Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 176, 553 A.2d 900, 903 (1989) (entire record before lower court must be thoroughly examined and all doubts as to the existence of a genuine issue of material fact are to be resolved against a grant of summary judgment). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988).

■ The facts underlying the instant case are as follows. Appellants contracted with appellee Messinger to manufacture and sell a replacement "X" roller bearing and housing with pinions to be installed as a replacement bearing on a bucket wheel stacker reclaimer used in operations conducted at a coal handling dock. During the course of manufacture of the bearing, the Franklin Institute Research Laboratory developed quality control standards on behalf of appellants. Messinger retained Eastern Flame to provide heat treatment services for hardening the races of the bearing as required by the quality control standards. After Eastern Flame performed the heat treatment, they returned the outer race of the bearing to Messinger. Messinger then

delivered the treated product to appellants. Appellants installed the bearing in the bucket wheel stacker reclaimer and placed it in service on February 2, 1980. On September 30, 1981, the bearing completely failed causing economic damages associated with developing specifications for the bearing, initial installation of the bearing, replacement of the bearing, and installation of the replacement. There was neither any additional loss of property nor any personal injury as a result of the failure of the bearing.

Appellants begin their argument by contending that this is a case of negligence as opposed to a products liability action. In making this distinction, appellants hope to circumvent the well-established rule that we set forth in *REM Coal Co., Inc. v. Clark Equipment Co.*, 386 Pa.Super. 401, 563 A.2d 128 (1987) (*en banc* ). In *REM Coal,* the issue was whether there could be a recovery in tort where a product malfunctions because of an alleged defect in the article and causes damage to the product itself and consequential damages in the nature of cost of repair or replacement or lost profits, but the malfunction causes no personal injury and no injury to any other property of the plaintiff. We concluded in *REM Coal* that negligence and strict liability theories do not apply to actions between commercial enterprises where the only damage is to the product itself. In reaching this conclusion we adopted the rationale of the United States Supreme Court in *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). As we explained in *N.Y. State Electric & Gas v. Westinghouse*, 387 Pa.Super. 537, 564 A.2d 919 (1989):

> [In the *East River* case, the Supreme Court] emphasized that where an allegedly defective product causes damage only to itself, and other consequential damages resulting from the loss of the use of the product, the law of contract is the proper arena for redressing the harm because in such a case, the damages alleged relate specifically to product quality and value as to which the parties have had the opportunity to negotiate and contract in

advance. They have allocated the risks of possible types of losses, and agreed on the level of quality that will be given for the price demanded. When the product fails to conform and only economic losses result, the parties' recovery one against the other for economic losses should be limited to an action on that contract and no additional recovery in negligence or strict liability is permitted.

*Id.* 387 Pa.Super. at 550–51, 564 A.2d at 925–26. Thus, appellants' distinction is without meaning. Our decision in *REM Coal* is not limited to products liability, but has equal application in negligence cases.

Appellants place great emphasis on dicta in *REM Coal* to support their contention that we did not contemplate that a plaintiff in appellants' position would be left without a remedy. Specifically, after setting forth the issue in *REM Coal,* we stated: "Obviously, the question is not whether a plaintiff in such a case is entitled to a recovery at all, but rather whether a cause of action in tort, as opposed to one sounding solely in contract, is an appropriate vehicle for obtaining such a recovery." Appellants' reliance on this statement is misplaced. It is as a result of their own actions that appellants find themselves without a remedy in the instant case.

Appellants' actual cause of action was based on their contractual relationship with Messinger. Messinger, in turn, had a cause of action against Eastern Flame. For reasons not apparent in the record, appellants allowed their claims against Messinger to be *non prossed* when they failed to obey a court order which required appellants to comply with Messinger's discovery requests. Thus, instead of appellants being able to pursue their true cause of action against Messinger, they are left without recourse because Messinger is no longer a party to this lawsuit. Under the circumstances of this case, we cannot provide appellants with a remedy where their own actions have foreclosed that possibility and led them to their present situation.

Finally, appellants argue that Section 324A of the Restatement (Second) of Torts should apply. That provision states:

One who undertakes gratuitously or for consideration to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Citing *Evans v. Otis Elevator Company*, 403 Pa. 13, 168 A.2d 573 (1961) as authority, appellants correctly point out that the essential provisions of this section have been the law of Pennsylvania for many years and that the provisions have been applied on numerous occasions by appellate courts. However, appellant does not cite, nor does our research uncover, any situation in which Section 324A has been applied to purely economic losses. In each of the cases cited by appellants, Section 324A was applied when there were personal injuries or damage to other property of the plaintiff. None of these cases involve a situation where an allegedly defective product causes damage only to itself, and in other consequential damages resulting from the loss of the use of the product. Even the two cases appellants cite as applying Section 324A to situations involving property damage only, *Doyle v. South Pittsburgh Water Company*, 414 Pa. 199, 199 A.2d 875 (1963) and *Printed Terry Finishing Company, Inc. v. City of Lebanon*, 274 Pa.Super. 277, 372 A.2d 460 (1977), involved damage to property other than the defective product itself. Thus, we find that the trial court did not commit any error of law or clear abuse of discretion in dismissing appellants' negligence

claim against Eastern Flame. To the contrary, we agree with the trial court's resolution of this case.

Order affirmed.