**PALCO LININGS, INC., Plaintiff,**

**v.**

**PAVEX, INC., Brinjac, Kambic & Associates, Inc., and Brinjac–Chester Engineers, City of Harrisburg, Defendants.**

**Civ. A. No. 3:CV–89–1631.**

United States District Court, M.D. Pennsylvania.

Dec. 3, 1990.

Debra Barnhart Todd, Adler, Cohen & Grigsby, P.C., Pittsburgh, Pa., for Palco Linings, Inc.

John A. Gill, Harrisburg, Pa., for Pavex, Inc.

Jane Campbell Moriarty, Pittsburgh, Pa., Paul Cottrell, Berg, Bifferato, Tighe & Cottrell, Thomas Harper Ellis, Wilmington, Del., Paul Cottrell, Berg, Bifferato, Tighe & Cottrell, Philadelphia, Pa., for Brinjac, Kambic & Associates, Inc.

Bradley Charles Bechtel, Law Bureau, Harrisburg, Pa., for City of Harrisburg.

### MEMORANDUM

CALDWELL, District Judge.

On August 24, 1990, we entered summary judgment in favor of defendants, Brinjac, Kambic & Associates, Inc., and Brinjac–Chester Engineers (collectively "Brinjac") and against plaintiff, Palco Linings, Inc. ("Palco"), concluding that Brinjac could not be held liable in tort for economic losses suffered by Palco as a result of Brinjac's alleged negligence and negligent misrepresentations. 755 F.Supp. 1269. Palco has filed a timely motion to alter or

amend the judgment pursuant to Fed.R. Civ.P. 59(e). Alternatively it requests that we certify our August 24, 1990, decision as a final judgment for immediate appeal under Fed.Rule Civ.P. 54(b). Palco contends that we erred by "misapprehending" Pennsylvania law relating to the issues in the case and in applying Illinois law in rendering our decision.

The history of this matter is set forth in detail in our Opinion of August 24, 1990. In brief, complications arose on a construction project. Excessive water flowed into a reservoir in which Palco, a subcontractor, was to install a liner. As a consequence, Palco was forced to undergo delays in the completion of its work. Palco sued Brinjac, the project engineer, for cost overruns, lost profits, and damages to work in progress, allegedly due to Brinjac's faulty specifications and recommendations. Palco had no privity of contract with Brinjac, who had a separate agreement, to provide engineering services, with the owner of the project, the City of Harrisburg.

■ We found that Palco could not recover its economic losses from Brinjac in a tort action based upon negligence and/or negligent misrepresentation. Palco contends, however, that Pennsylvania law has refused such damages to plaintiffs only in tort actions involving product liability. Palco argues:

> Despite the fact that no product is involved in this action, this court has divested Palco of its cause of action against Brinjac when the only Pennsylvania law applying the economic loss rule, on which Brinjac relies, is that in product liability actions.

Palco contends that Pennsylvania has not extended the restriction on the recovery of economic losses to cases parallel to the instant action, and that our granting of summary judgment based on Illinois law

"constituted a manifest error as this Court overlooked controlling Pennsylvania law analogous to the facts."[1] However, Palco fails to acknowledge that while Pennsylvania courts have not yet applied the economic loss doctrine in construction cases, there has not been such a case in this jurisdiction in which only economic damages were claimed. Palco has cited no Pennsylvania precedent which explicitly or implicitly denies or discusses the application of the economic loss doctrine to tort cases not involving defective products. Nor has Palco cited any case similar to this one in which a Pennsylvania court has granted purely economic losses for negligence or negligent misrepresentation in rendering engineering services.[2]

■ Palco admits that, in regard to its negligent misrepresentation claim, there is a lack of Pennsylvania law precisely on point. It states the following:

> To Palco's knowledge, no published opinion in Pennsylvania has addressed the rule [economic loss doctrine] in the context of a negligent misrepresentation action and there was, therefore, no case law to cite. The lack of case law specifically refusing to apply a negative concept such as the economic loss rule does not *a fortiori* lead one to the conclusion that such rule would be extended by the Pennsylvania Supreme Court to negligent misrepresentation cases.

Absent case law to the contrary, a federal district court in a diversity action must look to the precedent of other jurisdictions when such law corresponds with the rationale previously applied in Pennsylvania.

As affirmed by Palco in its supporting brief, federal courts must use discretion in ascertaining the applicable law of the state and "if there are no decisions exactly on point, relevant data in the shape of analogous decisions which afford a reasonably

---

1. As discussed previously the "economic loss doctrine" is that, absent physical injury to person or property, one may not recover in tort for purely economic losses. Otherwise the requisite injury needed to recover in tort would become irrelevant and the differences between tort and contract theories would be indistinguishable.

2. Palco cites numerous cases contending that economic loss damages for negligence incurred in a non-product setting were granted. However, each of these cases is distinguishable and involves contractual privity under which certain duties are owed, or actual physical property damage was suffered.

satisfactory basis for a conclusion as to the state law should be followed" *Huss v. Prudential Co.*, 37 F.Supp. 364 (D.C.Conn. 1941). In this connection we followed the rationale of *New York State Electric and Gas Corporation v. Westinghouse Electric Corporation*, 387 Pa.Super. 537, 564 A.2d 919 (1989) in which the Pennsylvania Superior Court held that economic losses are not recoverable in tort under Pennsylvania law. Although *Westinghouse* involved a defective product, as opposed to services, the rationale underlying the economic loss doctrine was the basis for that Court's decision to deny recovery in tort.

The crux of Palco's argument is that application of the economic loss doctrine in Pennsylvania is limited to product liability actions and that we erred in applying the doctrine in this case. Significantly, Brinjac points to the recent Pennsylvania Superior Court decision in *Lower Lake Dock Co., et. al. v. Messinger Baring Corporation, et. al.*, 395 Pa.Super. 456, 577 A.2d 631 (1990). In *Lower Lake*, an analogous case concerned with the rendering of services, the Court held that application of the economic loss doctrine "is not limited to products liability, but has equal application in negligence cases." *Id.*, 577 A.2d at 635.[3]

Palco urges that in our August opinion we did not apply the common law of Pennsylvania, which includes the Restatement (Second) of Torts § 324A (negligence in rendering services) and § 552 (negligent misrepresentation). As to § 552 we refer to the analysis in our previous decision. In regard to § 324A, *Lower Lake*, supports our decision when it noted that, "appellant does not cite, nor does our research uncover, any situation in which Section 324A has been applied to purely economic losses." Again, the court did not limit this statement to products cases, but referred to the absence of negligent services cases in general.

*Lower Lake* provides a review of Pennsylvania's application of the economic loss

doctrine, whose rationale is that absent actual injury to person or property, one may not recover in tort for economic losses whether or not one has contract or warranty remedies available. Palco argues that the true basis in Pennsylvania for applying the economic loss doctrine is the availability of other remedies, such as breach of warranty, which are usually found in product liability cases. Palco concludes that a claimant should only be denied recovery of economic damages in tort when it has the opportunity, and has acted on that opportunity, to create contracts and warranties to protect itself from economic losses. Palco argues that it did not have the opportunity to create a warranty or contract with Brinjac and should therefore receive economic losses as an alternative. However, Palco's explanation of the reason for the rule is incorrect and that, as illustrated in *Lower Lake*, the doctrine is equally applicable in services cases.

Palco argues, in effect, that the absence of a contractual remedy should justify its reliance on tort in this case. Palco thus resorts to a tort claim only because it has no other basis for recovery. The economic loss doctrine was designed to prevent just such strategy. Palco's inability to recover in contract or warranty due to the lack of privity, although unfortunate, does not change the fact that Palco's remedies in this matter are limited by law.

Palco also contends that Pennsylvania precedent requires the availability of contract remedies before the economic loss doctrine can be applied to tort claims. This conclusion is also incorrect. While Pennsylvania courts have addressed, as favorable, the fact that the use of warranties and other terms allow parties to allocate the risk of economic loss prior to engaging in transactions, these opportunities are not prerequisites to the application of the economic loss doctrine. Whether the parties

---

**3.** Palco asserts that this statement refers to claims of strict liability and negligence only when a product is involved. However, we find the Court's use of the word "negligence" in the above statement significant. That the services rendered in *Lower Lake* happened to correspond with a product was not the basis for the Court's use of the economic loss doctrine. Rather, it was the negligence, without physical injury, that precluded recovery in tort.

take advantage of such opportunities is not relevant.

In *Lower Lake*, the appellants, like Palco, argued that the court did not contemplate that they would be left without a remedy if the economic loss theory precluded recovery in tort. In refuting this argument, the court stated:

> Obviously, the question is not whether a plaintiff in such a case is entitled to a recovery at all, but rather whether a cause of action in tort, as opposed to one sounding solely in contract, is an appropriate vehicle for obtaining such a recovery.

*Id.* Thus, the question is not what recovery a plaintiff may receive as the alternative to tort, but whether recovery is permitted.

In conclusion, we find that Palco has failed to show that our decision of August 24, 1990 was based on a clear error of law when we referred to Illinois precedent. The reasoning applied to this action is consistent with Pennsylvania and Illinois law, and the development of Illinois law on the issues corresponds with earlier Pennsylvania precedent. *Moorman Manufacturing Company v. National Tank Company, et al.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982) agreeing with *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165 (3d. Cir.1981).

The only other contention by Palco which requires comment is that our August 24, 1990 opinion conflicts with the prior memorandum of March 20, 1990, with regard the cause of action based upon negligent misrepresentation. Brinjac correctly points out that in the earlier discussion we addressed the City of Harrisburg's argument that no negligent misrepresentation claim could be made by Palco absent privity. We denied the City's motion to dismiss, holding that privity was not fundamental to a negligent misrepresentation claim and at that time we did not reach the issue of damages. Our August decision, however, dealt with whether Palco, could recover based on a negligent misrepresentation claim where no privity existed. Thus, Palco's claim that these decisions are in conflict is incorrect.

For the purpose of permitting an appeal Palco has requested certification of our Order of August as a final judgment pursuant to *Clay v. Sun Ins. Office, Ltd.*, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960). We exercise our discretion to deny that request.

We will issue an appropriate order.

## ORDER

AND NOW, this 3rd day of December, 1990, upon consideration of Plaintiff's motion to alter or amend judgment, it is hereby ordered that the motion is denied. It is further ordered that Plaintiff's request that this court certify its Opinion of August 24, 1990 for appeal to the Court of Appeals for the Third Circuit is denied.