## McNamee v. American Honda Motor Co. Inc.

*Robert W. Deer,* for plaintiff.

*William Pietragallo II* and *Clem C. Trischler,* for defendant American Honda Motor Co. Inc.

WETTICK, *J.,* April 23, 1991—Plaintiff purchased an automobile manufactured by defendant American Honda Motor Co. Inc., and distributed by defendant Mowery Acura. This lawsuit arises out of an accident in which the automobile which plaintiff purchased was damaged beyond repair. The accident arose when plaintiff lost control of the vehicle due to a mechanical failure which caused the wheels to lock. Plaintiff apparently sustained no physical injuries or damage to other property.

Plaintiff's complaint includes negligence and strict liability counts. These counts are the subject of America Honda's preliminary objections in the nature of a demurrer.

Plaintiff apparently purchased the automobile for her personal use. The purchase was not a transac-

tion between two commercial parties. The issue raised by defendant's preliminary objections is whether in a consumer transaction the purchaser of a product may seek recovery in tort against a commercial seller for a claim involving only damages to the product which the plaintiff purchased.

Under section 402A of the Restatement (Second) of Torts, a commercial seller who sells a product "in a defective condition unreasonably dangerous to the . . . consumer or to his property is subject to liability for physical harm thereby caused to the . . . consumer, or to his property. . . ." This section refers to physical harm caused to any property of the consumer. "[T]he defective product itself is as much 'property' as any other possession of the plaintiff that is damaged as a result of the manufacturing flaw." *Kassab v. Central Soya,* 432 Pa. 217, 246 A.2d 848, n.7 (1968). Consequently, the language of this provision appears to apply to claims in which the damages are only to the allegedly defective product. See generally, Murray, *Pennsylvania Products Liability: A Clarification of the Search for a Clear and Understandable Rule,* 33 U. Pitt. L. Rev. 391, 422 (1972).

The Pennsylvania Superior Court has created exceptions to the provisions of section 402A. Where the consumer complains only of a purportedly defective condition that results in the progressive deterioration of the product, the court has held that section 402A does not apply because the consumer is complaining of the failure to receive the benefit of the bargain rather than of an injury to the property. *Johnson v. General Motors Corp.,* 349 Pa. Super. 147, 502 A.2d 1317 (1986); overruled as to actions between commercial enterprises; *REM Coal Co. Inc. v. Clark Equipment Co.,* 386 Pa. Super. 401, 563 A.2d 128 (1989); *Industrial Uniform Rental Co.*

*Inc. v. International Harvester Co.,* 317 Pa. Super. 65, 463 A.2d 1085 (1983), overruled as to actions between commercial enterprises, *REM Coal Co. Inc. v. Clark Equipment Co., supra.*

The Pennsylvania Superior Court has also held that sudden and substantial physical harm to the product resulting from a defective and dangerous condition does not give rise to section 402A and negligence claims in a commercial dispute involving two sophisticated enterprises. *Lower Lake Dock Co. v. Messinger Bearing Corp.,* 395 Pa. Super. 456, 577 A.2d 631 (1990); *New York State Electric & Gas Corp. v. Westinghouse Electric Corp.,* 387 Pa. Super. 537, 564 A.2d 919 (1989); *REM Coal Co. Inc. v. Clark Equipment Co., supra.* The rationale for this result is that both parties are in a position to negotiate and contract in advance as to the risks that each will assume with respect to the destruction or deterioration of the product. In this commercial setting, the recognition of a negligence or section 402A claim would unfairly alter the allocation of the risks of the possible types of losses and agreed upon levels of quality that were encompassed in setting the purchase price.

Neither of these exceptions to section 402A applies to the present case. The defective condition was unreasonably dangerous to plaintiff and her property. The damage to the property was sudden and substantial. The transaction was not between two commercial parties.

Defendant contends that the section 402A exception for commercial disputes between sophisticated enterprises should be extended to cover all disputes in which the alleged defect in the product only resulted in damages to the product. We reject this contention because the rationale for the *REM Coal* line of cases is the parties' opportunity to negotiate

and contract for the allocation of the risks of possible types of losses. In a consumer transaction, this opportunity is not present.

We recognize that protections are afforded the consumer through federal and state consumer protection legislation and an opportunity in certain situations to purchase increased warranty protections. However, since there is no opportunity for the parties to bargain, this would be an additional exception based upon different policy considerations. Another exception should be created, if at all, only through a decision of our appellate courts that further narrows the previously recognized scope of section 402A and negligence law.

## ORDER

On this April 23, 1991, it is hereby ordered that defendant's preliminary objections in the nature of a demurrer are overruled.