**LUCKER MANUFACTURING, Plaintiff,**

v.

**MILWAUKEE STEEL FOUNDRY, A DIVISION OF GREDE FOUNDRIES, Defendant.**

Civ. A. No. 91–2258.

United States District Court, E.D. Pennsylvania.

Aug. 20, 1991.

Douglas J. Kent, Philadelphia, Pa., Robert Couhig, Jr., Mark Beebe and Paul Pastorek, New Orleans, La., for plaintiff.

Gordon Gelfond and Richard Kraemer, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

The instant case is a diversity action brought by plaintiff through a six count Complaint alleging strict liability, breach of contract, breach of express and implied warranties, and negligence against defendant. Presently before this court is defendant's motion to dismiss Counts I and V of the Complaint, which are plaintiff's tort claims. For the reasons that follow, defendant's motion will be granted.

### I. *Factual Background*

In the fall of 1989 plaintiff Lucker Manufacturing ("Lucker") entered into a contract with defendant Milwaukee Steel Foundry ("Milwaukee") pursuant to which Milwaukee was to manufacture six metal components according to Lucker's design and specifications. The six components were to be incorporated into a mooring system that Lucker was producing for Shell Oil Company ("Shell"). Upon receipt of the components from Milwaukee, Lucker conducted a load test. One of the components failed this test. Lucker claims that as a result of this failure, Shell increased its standards and requirements for the construction of the mooring system, which caused the cost to Lucker of completing the system to rise dramatically.

Lucker filed the instant suit against Milwaukee seeking recovery under theories of negligence, strict liability, breach of contract, and breach of warranty. Lucker seeks to recover the cost of the casings, the increased cost of completing the project for Shell, and damages for loss of goodwill and business reputation.

### II. *Rule 12(b)(6) Standard*

Fed.R.Civ.P. 12(b)(6) instructs a court to dismiss an action for failure to state a cause of action only if it appears a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding,* 467

U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Because granting such a motion results in a determination of the merits at such an early stage of the plaintiff's case, the trial court "must take all well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665–66 (3d Cir.1988) (*quoting Estate of Baily by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985)).

## III. *Discussion*

The central issue underlying the instant motion is the applicability of the economic loss rule to plaintiff's tort claims. Defendant argues that the rule precludes tort recovery for the damages allegedly sustained by plaintiff. Therefore, plaintiff has failed to state claims upon which relief could be granted, mandating dismissal of these claims under Rule 12(b)(6). Contract law, asserts defendant, is the proper forum for plaintiff's claims; to permit plaintiff to proceed under tort theories as well could lead to duplication of remedy. Plaintiff responds that the damages sought in this case fall outside the purview of the economic loss rule. Moreover, plaintiff contends, contract law does not provide plaintiff with a remedy for the goodwill damages sustained as a result of defendant's actions, leaving tort law as the only possible vehicle for redress. In direct contradiction of this, plaintiff's final argument claims entitlement to these same damages under the Uniform Commercial Code ("U.C.C."). Therefore, plaintiff continues, even should tort recovery be barred, Fed. R.Civ.P. 8 mandates that this court cannot dismiss plaintiff's tort claims as the U.C.C. provides a valid cause of action for the requested damages and defendant has adequate notice of a legally cognizable claim against it.

### A. The Economic Loss Rule

The economic loss rule was defined by the United States Supreme Court in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). *East River* was a maritime case and, as such, has no binding effect on state law. The economic loss rule has never been expressly adopted by the Pennsylvania Supreme Court, but it has been consistently applied by the Pennsylvania Superior Court. *See Lower Lake Dock Co. v. Messinger Bearing Corp.*, 395 Pa.Super. 456, 577 A.2d 631 (1990); *New York State Electric & Gas Corp. v. Westinghouse Electric Corp.*, 387 Pa.Super. 537, 564 A.2d 919 (1989); *REM Coal Company, Inc. v. Apex, Inc.*, 386 Pa.Super. 401, 563 A.2d 128 (1989). Moreover, the Third Circuit has predicted that the Pennsylvania Supreme Court would adopt the formulation of the economic loss rule found in *East River*. *Aloe Coal Co. v. Clark Equipment Co.*, 816 F.2d 110 (3d Cir.1987). This court will therefore consider the economic loss rule to be part of the substantive law of Pennsylvania and proceed to evaluate its impact on the motion presently before the court.

In *East River* the Supreme Court held "that a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *East River*, 476 U.S. at 871, 106 S.Ct. at 2302. The economic loss rule holds that where a product injures only itself, and not any person or other property, the loss is "purely economic" and any claim arising out of this loss should sound in contract, not tort. *Id.* at 870, 106 S.Ct. at 2301. Economic loss has been defined to include "loss due to repair costs, decreased value, and lost profits", *Id.*, "consequential damages in the nature of cost of repair or replacement or lost profits", *Lower Lake Dock*, 395 Pa.Super. at 464, 577 A.2d at 634, or "damages resulting from the loss of the use of the product", *N.Y. State Electric and Gas*, 387 Pa.Super. at 550, 564 A.2d at 925. When viewed with regard to the definitions above, plaintiff's claims for the cost of the components and the higher costs associated with the completion of the project for Shell allegedly caused by the defective components are clearly claims for

economic loss. Therefore, the economic loss rule bars plaintiff from recovering for these losses under the tort claims for negligence and strict liability. In fact, plaintiff's brief, when discussing the economic loss rule, appears to abandon the claims for tort recovery for the damages detailed above. Plaintiff asserts only that the economic loss rule does not bar recovery for the goodwill damages prayed for.

### B. Goodwill Damages Under the Economic Loss Rule

■ "Economic loss", as defined in *East River* and its Pennsylvania progeny, does not specifically include damages for loss of goodwill. The parties do not cite, nor has this court's research disclosed, any cases which address the issue of recovery for loss of goodwill in the context of the economic loss rule. Plaintiff asserts that damages for loss of goodwill are akin to damages to persons or property, and therefore should be recoverable in tort. An analysis of the rationales underlying the Supreme Court's decision in *East River*, however, leads this court to hold that damages for the loss of goodwill are in the nature of economic loss and should therefore be excluded from tort recovery by the economic loss rule.

The Supreme Court in *East River* developed the economic loss rule through recognition of the different theoretical foundations of tort and contract law. The Court found that "[w]hen a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong." *East River*, 476 U.S. at 871, 106 S.Ct. at 2302. The negligence and products liability aspects of tort law are primarily concerned with safety; contract law is intended to enforce the obligations of parties to an agreement. The objective of products liability law is to allocate responsibility in a manner which would most effectively reduce hazards to safety. *East River*, 476 U.S. at 866, 106 S.Ct. at 2299. Products liability law was developed in response to society's need for greater protection from dangerous products than the law of war-

ranty provides. *Id.* Should this development advance too far, however, "contract law would drown in a sea of tort." *Id.* With the primary objective of negligence and products liability in mind, it is clear that loss of goodwill is not the type of injury that tort law is designed to redress. To permit recovery of damages for loss of goodwill in tort actions would begin "to erode the important distinctions between tort and contractual theories, including their differing objectives." *REM Coal*, 386 Pa.Super. at 411, 563 A.2d at 133.

Economic loss is "the failure of the purchaser to receive the benefit of its bargain." *East River*, 476 U.S. at 870, 106 S.Ct. at 2302. This type of loss has traditionally been the subject of warranty law. *Id.* at 872, 106 S.Ct. at 2302. Plaintiff's successful completion of its work for Shell would have allegedly provided plaintiff with a competitive bidding advantage for future contracts with Shell. The bargain between plaintiff and defendant for the manufacture of the components was a necessary element of plaintiff's work for Shell. Defendant's alleged failure to perform under this contract caused plaintiff to lose the expected benefit of this bargain, the goodwill resulting from successful completion of the Shell contract. From this it follows that plaintiff's loss is analogous to economic loss and therefore the appropriate subject of warranty law.

In further support of its limitation of claims for economic loss to contract law, the Supreme Court stated that losses resulting from a product's injuring itself can be insured against. These losses include the value of the product, increased costs in performing a service, and, most significantly in terms of the instant motion, "the displeasure of [a commercial user's] customers who find that the product does not meet their needs." *East River*, 476 U.S. at 871, 106 S.Ct. at 2302. This last loss enumerated by the Court essentially defines goodwill damages. Plaintiff asserts that Shell was dissatisfied with the components manufactured by defendant and that this dissatisfaction led to plaintiff's loss of goodwill in future dealings with Shell. Following the Supreme Court's rationale, as

plaintiff's goodwill damages could have been insured against the special protection of tort law is not justified in this case. *See Id.* at 871–72, 106 S.Ct. at 2302–03.

Contract law is well suited to controversies between commercial parties, who are generally of equal bargaining power. When reaching an agreement these parties are free to set the terms of the contract, including any limitations on liability. Courts should not interfere with parties' allocation of risk by permitting contract actions to be heard in tort. *Id.* at 873, 106 S.Ct. at 2303. This allocation of risk permits damages to be limited to those that are foreseeable, whereas a tort action could subject a defendant to unlimited damages. "The law does not spread its protection so far." *Id.* at 874, 106 S.Ct. at 2304, (*quoting Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927)). Plaintiff could have foreseen the possible damage to its relationship with Shell that would arise from a breach of the contract by defendant. Provision could have been made for this in the warranty provisions of the contract; defendant should not be exposed to the possibility of unlimited liability for what is essentially a warranty claim.

The Supreme Court, through *East River*, emphasized the importance of maintaining the distinction between tort and contract law and keeping a realistic limitation on damages. *East River*, 476 U.S. at 871, 106 S.Ct. at 2302. This court is in complete accordance with the Supreme Court's concern in this regard, and therefore holds that the economic loss rule bars tort recovery for goodwill damages. If plaintiff is to have a remedy it will lie in contract law.

### C. Goodwill Damages Under Contract Law

■ Plaintiff argues that it should be permitted to pursue recovery for the alleged loss of goodwill in tort because warranty law does not address goodwill damages, "yet [these damages] are certainly egregious enough to merit recovery." (Plaintiff's brief at 6). In support of the assertion that Pennsylvania contract law

does not permit recovery of goodwill damages plaintiff cites *National Controls Corp. v. National Semiconductor Corp.*, 833 F.2d 491 (3d Cir.1987), which states "[t]he bar to recovery of damages for loss of goodwill ... is a matter of law in Pennsylvania." 833 F.2d at 495. What plaintiff fails to note is that Pennsylvania contract law has changed since the Third Circuit presented this statement of the law in 1987. The Pennsylvania Supreme Court in 1990, through the case of *AM/PM Franchise Association v. Atlantic Richfield Co.*, 526 Pa. 110, 584 A.2d 915 (1990), held that plaintiffs are entitled to pursue claims for goodwill damages under warranty theories provided that evidence can be introduced to establish a causal nexus between the damages and the breach of warranty and to provide the trier of fact with a reasonable basis for calculation of the damages. 584 A.2d at 926.

Under the current state of Pennsylvania law, plaintiff will be permitted to seek goodwill damages under the warranty counts of the Complaint, provided that plaintiff can meet the evidentiary standard developed by the Pennsylvania Supreme Court. Therefore, plaintiff's argument that tort law provides the only avenue for relief is not a compelling one.

### D. The Uniform Commercial Code and Rule 8

In startling contradiction to the above argument, plaintiff asserts that goodwill damages are recoverable under the Uniform Commercial Code and that consequently tort claims should be permitted to stand under Fed.R.Civ.P. 8 (the notice pleading rule). This argument is without merit.

Plaintiff states that the limited provision remedy in the contract between plaintiff and defendant has failed of its essential purpose and therefore plaintiff's recovery should not be limited by the contract. Plaintiff cites in support of this argument Uniform Commercial Code § 2–719 (codified in Pennsylvania at 13 Pa.Cons.Stat. Ann. § 2719(b) (Purdon 1984)). This bald assertion is in no way supported by any

statement of the content of the limited provision remedy, its essential purpose, or in what manner the provision allegedly failed of its purpose. This court is in no way persuaded that plaintiff is entitled to goodwill damages under § 2719(b).

 Plaintiff continues that as it is entitled to goodwill damages under contract law, Rule 8 bars dismissal of the tort claims. Rule 8 requires only that a complaint contain a short and plain statement of a claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8. Plaintiff cites *United States v. Provident National Bank*, 259 F.Supp. 373 (E.D.Pa.1966) for the proposition that a complaint may not be dismissed where a plaintiff, though asserting a claim under an incorrect statute or legal theory, advances a valid cause of action for which relief can be granted. Though tort law may be the wrong theory for plaintiff to proceed under, plaintiff nevertheless contends that there exists a valid cause of action for its goodwill damages. Therefore, plaintiff argues, defendant has notice of the claims against it, and the tort counts of the Complaint cannot be dismissed. *Provident National Bank*, however, requires that a defendant be informed with reasonable particularity of a legally cognizable claim against it. *Provident Nat'l Bank*, 259 F.Supp. at 376. Plaintiff's claims for goodwill damages under tort law do not inform defendant with reasonable particularity that cognizable contract claims might exist against it for these damages. Moreover, plaintiff's contract based counts request the same damages as the tort counts. Dismissal of the tort claims is not tantamount to dismissing the entire Complaint, or indeed the claims for goodwill damages. Rule 8 does not require that the tort claims be permitted to remain.

## IV. *Conclusion*

This court has concluded that the economic loss rule bars plaintiff from recovery under tort law theories for any of its alleged claims. Therefore, plaintiff has failed to state claims upon which relief can be granted and the tort claims (Counts I and V) will be dismissed pursuant to Fed. R.Civ.P. 12(b)(6). Fed.R.Civ.P. 8 does not prevent this result. This opinion in no manner affects plaintiff's claims for goodwill damages under the contract based counts of the Complaint.