J. S40014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR SRMOF REO 2011-1 TRUST | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| KENNETH G. GEESEY, WENDY A. GEESEY, | : : : | No. 1888 WDA 2014 |
| Appellants | : | |

Appeal from the Order, October 14, 2014,
in the Court of Common Pleas of Blair County
Civil Division at No. 2012-GN-3788

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 15, 2015**

Kenneth G. Geesey and Wendy A. Geesey appeal from the order entered October 14, 2014, granting plaintiff/appellee, U.S. Bank Trust, N.A.'s ("U.S. Bank") second motion for summary judgment in this mortgage foreclosure action.  Upon careful review, we affirm.

On April 9, 2007, appellants executed a Note to U.S. Bank's predecessor-in-interest, PNC Bank, N.A., in the amount of $240,000. Shortly thereafter, the loan was assigned to CitiMortgage, Inc., a subsidiary of Citigroup, Inc., and subsequently to U.S. Bank.  The Note was secured by a Mortgage on real property situated at 617 South Pine Street, Altoona.

---

* Retired Senior Judge assigned to the Superior Court.

Appellants were unable to meet their monthly payment obligations, and on May 26, 2011, they entered into a written Loan Modification Agreement ("the 2011 Loan Modification") with U.S. Bank's mortgage servicer, Selene Finance, LP. Appellants made monthly payments under the 2011 Loan Modification for five consecutive months from June through October 2011. Appellants failed to make the monthly mortgage payment due November 1, 2011, and are currently in arrears. On or about January 6, 2012, appellants received Notice of Intention to Foreclose on Mortgage pursuant to Act 6 of 1974; and a complaint in mortgage foreclosure was filed on November 29, 2012.

Appellants filed an answer and new matter on December 18, 2012, and a reply to new matter was filed on January 3, 2013. U.S. Bank filed a motion for summary judgment which was denied on March 7, 2014. Following additional discovery, U.S. Bank filed a second summary judgment motion which was granted on October 14, 2014, and an *in rem* judgment was entered in favor of U.S. Bank and against appellants for $297,176.21, plus costs and interest. This timely appeal followed. Appellants have complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed a Rule 1925(a) opinion.

Appellants have raised the following issues for this court's review:

> 1. WHETHER THE TRIAL COURT ERRED IN CONCLUDING THE GEESEYS WERE NOT UNDER ECONOMIC DURESS AT THE TIME THEY

SIGNED THE MORTGAGE NOTE WITH PLAINTIFFS?

2. WHETHER THE TRIAL COURT ERRED IN CONCLUDING THE LOAN MODIFICATION AGREEMENT WAS ENFORCEABLE?

3. WHETHER THE TRIAL COURT ERRED IN GRANTING U.S. BANK TRUST NATIONAL ASSOCIATION'S SECOND MOTION FOR SUMMARY JUDGMENT WHERE THE GEESEYS ARE CURRENTLY PLAINTIFFS IN AN ACTION AGAINST THE PREDECESSOR MORTGAGE COMPANY TO U.S. BANK TRUST NATIONAL ASSOCIATION?

Appellants' brief at 4.

Summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.A. When considering a motion for summary judgment, the trial court must examine the record in the light most favorable to the non-moving party, accept as true all well-pleaded facts in the non-moving party's pleadings, and give him the benefit of all reasonable inferences drawn therefrom. ***Dibble v. Security of America Life Ins.***, 404 Pa.Super. 205, 590 A.2d 352 (1991); ***Lower Lake Dock Co. v. Messinger Bearing Corp.***, 395 Pa.Super. 456, 577 A.2d 631 (1990). Summary judgment should be granted only in cases that are free and clear of doubt. ***Marks v. Tasman***, 527 Pa. 132, 589 A.2d 205 (1991). We will overturn a trial court's entry of summary judgment only if we find an error of law or clear abuse of discretion. ***Lower Lake Dock Co.***, ***supra***.

***DeWeese v. Anchor Hocking Consumer and Indus. Products Group***,

628 A.2d 421, 422-423 (Pa.Super. 1993).

> The holder of a mortgage has the right, upon default, to bring a foreclosure action. ***Cunningham v. McWilliams***, 714 A.2d 1054, 1056–57 (Pa.Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. ***Id.***

***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464, 465 (Pa.Super. 2014), ***appeal denied***, 112 A.3d 648 (Pa. 2015).

In their first argument on appeal, appellants claim that they signed the 2011 Loan Modification under economic duress. Appellants complain that U.S. Bank failed to honor a prior loan modification agreement between appellants and U.S. Bank's predecessor-in-interest, CitiMortgage, Inc.; that appellants were given a short amount of time to execute and return the agreement and did not have the opportunity to consult with counsel; and that appellants were not sophisticated in complex financial matters and were essentially given a Hobson's choice of either signing the agreement with non-negotiable terms, without benefit of counsel and on short notice, or facing certain foreclosure on their home. (Appellants' brief at 14-15.)

Our supreme court defined duress as follows:

> The formation of a valid contract requires the mutual assent of the contracting parties. Mutual assent to a contract does not exist, however, when one of the contracting parties elicits the assent of the other contracting party by means of duress. Duress has been defined as:

> > That degree of restraint or danger, either actually inflicted or threatened and

- 4 -

> impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness. . . . The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm. . . . Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness. . . . Moreover, in the absence of threats of actual bodily harm there can be no duress where the contracting party is free to consult with counsel . . . .

*McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 114 (Pa.Super. 2015), quoting *Degenhardt v. Dillon Co.*, 669 A.2d 946, 950 (Pa. 1996) (citations and punctuation omitted) (emphasis deleted).

> Economic duress, *i.e.*, business or economic compulsion, is a form of duress. [*Tri–State Roofing Co. of Uniontown v. Simon*, 142 A.2d 333, 335 (1958)]. The *Tri–State* Court defined economic duress as follows:
>
> > To constitute duress or business compulsion there must be more than a mere threat which might possibly result in injury at some future time, such as a threat of injury to credit in the indefinite future. It must be such a threat that, in conjunction with other circumstances and business necessity, the party so coerced fears a loss of business unless he does so enter into the contract as demanded.
>
> *Id.* at 20-21, 142 A.2d at 335 (citation and punctuation omitted).

*Id.* at 114-115.

Here, appellants alleged in their brief in opposition to the motion for summary judgment that they received the 2011 Loan Modification on May 25, 2011, and the cover letter indicated it needed to be executed and returned to U.S. Bank by May 27, 2011. Therefore, appellants only had approximately 24 hours to look over the document, and there was no opportunity to have it reviewed by an attorney. However, according to U.S. Bank, appellants knew the terms of the Loan Modification Agreement offer three months prior, when they entered into a three-month trial Forbearance Agreement.

At any rate, as the trial court observes, it is not commonplace to have the advice of legal counsel for consideration of a loan modification agreement unless a lawsuit has already commenced. (Trial court opinion, 12/12/14 at 4.) In this case, no mortgage foreclosure action had commenced at the time of the 2011 Loan Modification and the loss of appellants' home was not imminent. (**Id.**) Certainly, an implied threat of a mortgage foreclosure action is not the sort of "duress" that would void an otherwise valid loan modification agreement. **See Tri-State Roofing**, 142 A.2d at 335 ("The threat of a civil suit for a good cause of action does not constitute duress") (citations omitted). In addition, we reject appellants' characterization of themselves as unsophisticated mortgagors, where Mr. Geesey is a financial planner and they had admittedly engaged in loan

modification negotiations with U.S. Bank's predecessor-in-interest, CitiMortgage.

We also agree with the trial court that even if appellants were somehow coerced into executing the 2011 Loan Modification, they subsequently ratified the agreement by making payments for five months thereafter, without complaint.

> A party who possesses a power of avoidance for business coercion loses it by electing to affirm the transaction. Ratification results if a party who executed a contract under duress accepts the benefits flowing from it, or remains silent, or acquiesces in the contract for any considerable length of time after the party has the opportunity to annul or avoid the contract.

*National Auto Brokers Corp. v. Aleeda Development Corp.*, 364 A.2d 470, 476 (Pa.Super. 1976) (citations omitted). Appellants made payments under the terms of the 2011 Loan Modification for five months during which they could have sought to void the contract or consult with counsel. (Trial court opinion, 12/12/14 at 5.)

Regarding the alleged loan modification agreement between appellant and CitiMortgage in 2009, that has no bearing on this case.[1] U.S. Bank is not a party to that litigation between appellants and CitiMortgage, and the 2011 Loan Modification would supersede any prior agreement. The 2011

---

[1] Appellants concede that there was no written loan modification agreement in 2009, but contend that CitiMortgage's cashing of their checks constituted an acceptance of their modification offer.

Loan Modification is the controlling instrument. Any previous loan modification agreement between appellants and CitiMortgage is irrelevant to the question of whether the 2011 Loan Modification was entered into under economic duress, as appellants allege. For the foregoing reasons, we determine that it was not.

In their second issue on appeal, appellants argue that the trial court erred in concluding the 2011 Loan Modification was enforceable. Appellants concede that the resolution of this issue depends upon issues one and three. (Appellants' brief at 15.) We have already determined that the 2011 Loan Modification was not signed under duress and that appellants effectively ratified the agreement by making regular payments for five months thereafter.

Third, appellants argue that summary judgment for U.S. Bank was inappropriate where they are still engaged in litigation against U.S. Bank's predecessor-in-interest, CitiMortgage, regarding the alleged 2009 loan modification agreement. As the trial court states, "the 'ongoing litigation' Appellants refer to involves a different party and was filed late in the course of the current litigation." (Trial court opinion, 12/12/14 at 5.) The litigation involving CitiMortgage is irrelevant to appellants' admission of default in this case. Appellants have admitted that they entered into the 2011 Loan Modification; that they made payments for five consecutive months under the terms of the 2011 Loan Modification; that they failed to make the

November 2011 monthly mortgage payment; and that they have failed to tender monies sufficient to cure the full mortgage arrears on the delinquent account. (Appellants' admissions, 7/25/14; docket #27.) Therefore, appellants have admitted all essential elements U.S. Bank needed to prove its case and summary judgment was appropriate.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015